BANCO DE PUERTO RICO, LIQUIDATOR, ETC., Plaintiff and Appellee, *v.* CRISTÓBAL CRUET CARRASQUILLO ET UX., Defendants and Appellants.

Nos. 7233 and 7276.  Argued November 1, 1937.—Decided November 3, 1937.

*M. Guzmán Texidor* for appellants. *C. Domínguez Rubio* for appellee.

MR. JUSTICE WOLF delivered the opinion of the Court.

The motion for reconsideration in these cases is exclusively based on their supposed analogy to the case of *Gratacós* v. *District Court,* 46 P.R.R. 170. The petitioners maintain that under the doctrine of that decision the proceeding in the present cases had lost its summary nature. From that premise they conclude that the suit had become ordinary and that the order involved was appealable as one especially issued after final judgment.

In the Gratacós case, supra, it was alleged that the mortgage creditor had actually taken possession of the property, leased it to a third person and then to a fourth person who had subleased part of it to the original mortgage debtor. Then the creditor, three years and nine months after adjudication in the foreclosure sale, but within the same proceeding, moved to be put into possession of the premises. The debtor file an opposition and asked to be heard. The court refused his petition on the ground that it would suspend the summary foreclosure proceeding in a way not provided for by the Mortgage Law. On certiorari to this court, we returned the case so that the debtor be given an opportunity to prove the facts alleged by him. Incidentally we stated that it was hard to say that the summary foreclosure proceeding had, after the expiration of three years and nine months since the sale, retained its original "summary" (*sumarisimo*) nature.

The cases before us differ considerably from the Gratacós case on its facts. In the first place the creditor had never been in possession up to the time when he filed his motion. In the second place, only a year had elapsed since the adjudication, and the debtor was granted a hearing. Last but not least, there are appeals and not a certiorari.

We have no doubt that an order, distinctly within a summary foreclosure proceeding, putting the creditor in possession, as happened in the case of *Roig Commercial Bank* v. *Bustelo*, 44 P.R.R. 523, or, as in these cases, refusing to set aside such an order, is unappealable.

The motion for reconsideration should be denied.

Mr. Justice Córdova Dávila took no part in the decision of this case.